16-1538-cr
United States v. Delcid

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand nineteen.

PRESENT: RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
JED S. RAKOFF,*
*District Judge*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          No. 16-1538-cr

RINGO DELCID,

*Defendant-Appellant*.**

------------------------------------------------------------------

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

** The Clerk of Court is directed to amend the official caption to conform with the above.

FOR APPELLANT:                MARY ANNE WIRTH, Bleakley Platt & Schmidt, LLP, White Plains, NY

FOR APPELLEE:                ALIXANDRA E. SMITH, Assistant United States Attorney (Jo Ann M. Navickas, David C. Pitluck, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part and REMANDED for resentencing.

Defendant-appellant Ringo Delcid appeals from a judgment of conviction in the District Court (Glasser, J.) following a guilty plea to two counts of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and to one count of unlawful possession of a firearm during the commission of one of the robbery conspiracies, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Delcid principally argues that his conviction under § 924(c) should be vacated because conspiracy to commit Hobbs Act robbery is not

a crime of violence under the elements clause of that statute, § 924(c)(3)(A), and because the residual clause of that statute, § 924(c)(3)(B), is unconstitutionally vague.   We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to vacate in part and affirm in part and remand for resentencing.

After oral argument, we held this appeal in abeyance pending determination of the petitions for certiorari filed in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), cert. denied, 139 S. Ct. 844 (2019), and United States v. Barrett, 903 F.3d 166 (2d Cir. 2018), vacated, 139 S. Ct. 2774 (2019).   Those cases considered whether Hobbs Act robbery and conspiracy to commit Hobbs Act robbery, respectively, were crimes of violence within the meaning of § 924(c). As relevant here, the Supreme Court granted the petition in Barrett, vacated the judgment, and remanded for further consideration in light of United States v. Davis, 139 S. Ct. 2319 (2019), in which the Supreme Court held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague.   On remand in Barrett, this Court held that "Davis precludes us from concluding . . . that Barrett's Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence."   United States v. Barrett (Barrett II), 937 F.3d 126, 127 (2d Cir. 2019).   We accordingly

3

vacated Barrett's conviction for using a firearm in committing Hobbs Act robbery conspiracy.

In light of Barrett II, we vacate Delcid's conviction for violating § 924(c) (Count Five) and remand for resentencing. We therefore do not consider Delcid's related claim of ineffective assistance of counsel. Delcid does not challenge his two other counts of conviction on appeal, and so we affirm the judgment as to those counts.

For the foregoing reasons, we VACATE the judgment of the District Court as to Delcid's violation of 18 U.S.C. § 924(c) and REMAND for further proceedings consistent with this order. We AFFIRM Delcid's conviction in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4